JAMES Q. MCDERMOTT (CA Bar No. 192572)
BRIAN J. PHILPOTT (CA Bar No. 241450)
COREY A. DONALDSON (CA Bar No. 280383)
JESSICA M. WAN (CA Bar No. 316389)
**FERGUSON CASE ORR PATERSON LLP**
1050 South Kimball Road
Ventura, CA 93004
Telephone: 805.659.6800
Facsimile: 805.659.6818
jmcdermott@fcoplaw.com
bphilpott@fcoplaw.com
cdonaldson@fcoplaw.com
jwan@fcoplaw.com

Attorneys for Plaintiff Bill G. Destefani

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BILL G. DESTEFANI, a California individual,<br><br>Plaintiff,<br><br>vs.<br><br>UBISOFT ENTERTAINMENT; UBISOFT, INC., a California corporation; IVORY TOWER; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.  20-cv-10126<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:<br><br>1) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344 (Cal. Civ. Code § 3344);<br>2) VIOLATION OF CALIFORNIA COMMON LAW RIGHT OF PUBLICITY;<br>3) FALSE ENDORSEMENT UNDER THE LANHAM ACT (15 U.S.C. § 1125(a));<br>4) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114); AND<br>5) FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))<br><br>*Unlimited Civil Case*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Bill G. Destefani ("Destefani") brings this action seeking injunctive relief and damages in order to protect and enforce his rights against knowing and willful infringement by Defendants Ubisoft Entertainment; Ubisoft, Inc.; Ivory Tower (collectively, "Ubisoft"); and DOES 1 through 10, inclusive (collectively with Ubisoft, "Defendants"). Destefani alleges as follows:

## PARTIES

1.      Destefani is, and was at all times mentioned in this Complaint, an individual residing in Bakersfield, California.

2.      On information and belief, Ubisoft Entertainment is, and was at all times mentioned in this Complaint, an entity of unknown form doing business in California.

3.      On information and belief, Ubisoft, Inc. is, and was at all times mentioned in this Complaint, a corporation duly organized and existing under the laws of California.

4.      On information and belief, Ivory Tower is, and was at all times mentioned in this Complaint, an entity of unknown form doing business in California.

5.      On information and belief, Ubisoft, Inc. and Ivory Tower are subsidiaries of Ubisoft Entertainment.

6.      Destefani does not know the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as DOES 1 through 10, inclusive. Destefani therefore sues them by use of fictitious names. Destefani is informed and believes that Doe Defendants 1 through 10 are affiliated in some manner with Ubisoft and have direct, contributory, or vicarious responsibility for the wrongful acts as alleged herein. Destefani will amend this Complaint appropriately once the true names and capacities of Doe Defendants 1 through 10 are learned. As used below, the term "Defendants" shall collectively refer to the named defendants Ubisoft together with the defendants identified as DOES 1 through 10.

7.      On information and belief, at all times herein mentioned, each of the Defendants was the agent of each of the remaining Defendants, and in doing the things alleged herein, was acting within the scope of such agency. On information and belief,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

the conduct of each of the Defendants as alleged herein was ratified by each of the other Defendants, and the benefits thereof were accepted by each of the other Defendants.

8.    On information and belief, each of the Defendants induced the other Defendants to infringe upon Destefani's rights, participated in, and enabled the other Defendants to engage in the unlawful conduct herein alleged, or supervised that conduct, with knowledge that the conduct of other Defendants would infringe upon Destefani's rights. Therefore, each of the Defendants is jointly and severally liable as a contributory or vicarious infringer of Destefani's rights.

**JURISDICTION AND VENUE**

9.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This is a civil action arising under federal law, the Lanham Act of 1946 as amended (codified at 15 U.S.C. §§ 1051 *et seq.*). The pendent state law claims are so related to the federal claims that they form part of the same case or controversy pursuant to Article III of the United States Constitution. This Court therefore has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

10.    This Court has personal jurisdiction over Defendants because they have each committed one or more of the infringing acts complained of herein in California and in this district. This Court has personal jurisdiction because the causes of action brought herein against Defendants arise out of Defendants' contacts with the State of California. This Court has personal jurisdiction over Defendants because, among other things, Defendants conduct business in the State of California and in this judicial district and thus enjoy the privileges and protections of California law.

11.    This Court also has personal jurisdiction over Ubisoft, Inc. because it is a corporation organized and existing under the laws of California.

12.    Venue in this Court is proper at least under the provisions of 28 U.S.C. §§ 1391(b) and 1391(c), at least because a substantial part of the events giving rise to the claims arose in this District, Destefani has suffered injury in this District, Defendants have directed their infringing activities to residents of this District, and because on

3

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

information and belief, Ubisoft, Inc. "resides" in this judicial district for venue purposes under 28 U.S.C. § 1391(c)(2). For instance, on information and belief, Ubisoft, Inc. has employees in this judicial district, and has its agent for service of process in this judicial district.

**GENERAL ALLEGATIONS**

**<u>Destefani's and Strega's Fame</u>**

13.    Plaintiff Bill G. Destefani is an airplane racer. Nicknamed "Tiger," Destefani started taking flying lessons at around 21 years of age, in 1966. He took these lessons from a former World War II pilot who taught crop dusters how to fly in Kern County, California.

14.    Destefani is the owner of Strega, a highly modified P-51 Mustang originally flown by the Royal Australian Air Force in 1945. Destefani acquired Strega in or around 1982, and owns Strega to this day. The word "strega" translates from Italian to English as "witch." An exemplary image of Strega is shown below in FIG. 1.



*FIG. 1: Strega*

15.    Strega is known by a unique constellation of identifying features. By way of example, Strega includes 1) a unique paint job; 2) a stylized number "7" on the tail, 3) an

4

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

image of the Italian flag behind the cockpit, 4) Destefani's name in script font underneath the cockpit, and 5) the stylized word "Strega" on the front of the airplane near the nose. Strega has included all of these features for over two decades.

16.     Flying Strega, Destefani has taken part in dozens of air races and exhibitions throughout the United States over no less than four different decades. Destefani and Strega have become famous in the aeronautics and airplane exhibition industries and among consumers in those industries. The Experimental Aircraft Association has described Strega as one of "the world's most powerful piston-powered aircraft."

17.     The National Championship Air Races (a/k/a the "Reno Air Races"), held annually in Reno, Nevada, is the premier air racing event in the United States. The races have been held annually since 1964, with the sole exceptions of 2001 (after the September 11, 2001 terrorist attacks) and 2020 (due to the ongoing global pandemic). The Reno Air Races typically draw crowds in the hundreds of thousands over 5 days.

18.     Flying Strega, Destefani won the Gold unlimited race at the Reno Air Races in 1987, 1992, 1993, 1995, 1996, 1997, and 2008. In 2009, 2010, 2012, 2015, and 2017, Strega won Gold unlimited titles while being flown by other pilots handpicked by Destefani. Destefani also flew Strega at the Reno Air Races in 2014.

19.     Destefani intended to enter Strega in the 2020 Reno Air Races, but was unable to do so due to the event's cancellation.

20.     Strega has also taken part in numerous other events throughout the United States.

21.     In 2018 and 2019, Strega flew at the Planes of Fame Air Show in Chino, California. Also in 2019, Strega was exhibited at the Wings N' Wheels show at Shafter-Minter Field near Bakersfield, California.

22.     In 2005, Destefani was inducted into The Bob Elias Kern County Sports Hall of Fame for his exploits.

23.     Destefani has a proprietary interest in his own identity. Destefani has rights of publicity in his identity, persona, name, signature, image, and likeness.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

24.     Strega and Destefani are inexorably linked. Upon encountering Strega, consumers think of Destefani, and upon encountering Destefani, consumers think of Strega. Strega is an inseparable extension of Destefani's identity and persona.

25.     Strega is an identity, a persona, and a likeness of Destefani. Destefani has rights of publicity in the appearance of Strega.

26.     Destefani has previously been compensated in exchange for the use of Strega in a commercial context.

### Destefani's Trademark Rights

27.     On or around April 12, 1991, Destefani applied to register the word "Strega" in stylized font as shown below (the "Strega Mark") with the United States Patent and Trademark Office ("USPTO") under U.S. TM App. No. 74/156591 (the "'591 Application").



*FIG. 2: The Strega Mark*

28.     The USPTO published the '591 Application for opposition on or around August 18, 1992. No opposition was filed.

29.     The USPTO registered the Strega Mark on or around November 10, 1992, under U.S. TM Reg. No. 1,731,724 (the "'724 Registration"). The '724 Registration covers "entertainment services in the nature of airplane racing" in International Class 041. A true and complete copy of the '724 Registration is attached hereto and made a part of the Complaint as Exhibit A.

30.     On or around March 25, 1999, the USPTO accepted Destefani's 6-year Section 8 Declaration and acknowledged Destefani's Section 15 Declaration of Incontestability for the '724 Registration.

31.     The '724 Registration was renewed in 2002 and in 2012.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

32.     The '724 Registration is live, enforceable, and incontestable under 15 U.S.C. § 1065.

33.     The Strega Mark is inherently distinctive for, among other things, entertainment services in the nature of airplane racing and exhibitions.

34.     Irrespective of the '724 Registration, through decades of promotion and use, Destefani has also acquired common law trademark rights in the Strega Mark with respect to entertainment services, such as entertainment services in the nature of airplane racing and exhibitions. Moreover, Destefani has acquired common law trademark rights in numerous other trademarks that he has used over the past decades, including but not limited to the standard character mark STREGA, his own name "Bill Destefani," and his nickname "Bill 'Tiger' Destefani" (collectively with the Strega Mark, the "Destefani Marks"). Each of the Destefani Marks is inherently distinctive for, among other things, entertainment services in the nature of airplane racing and exhibitions, and each has acquired distinctiveness and secondary meaning among the relevant consuming public with respect to entertainment services in the nature of airplane racing and exhibitions.

35.     Destefani has also acquired common law trademark rights in the total image, design, and appearance of Strega (the "Strega Trade Dress"), the elements of which form a composite tapestry of visual effects.

36.     Destefani has used the Strega Trade Dress, and Strega has included the Strega Trade Dress, since at least as early as 1998.

37.     Elements of the Strega Trade Dress include 1) a fuselage that, viewed from the side, is primarily a field of red over a field of white; 2) a blue trim stripe from the rear of the fuselage moving forward along the top of the field of white; 3) two white wave features on the field of red on the rear of the side of the fuselage, tapering as they roll upward and forward; and 4) a stylized number "7" on the tail.

38.     The Strega Trade Dress is inherently distinctive for, among other things, entertainment services in the nature of airplane racing and exhibitions. On information and belief, no other airplane that performs entertainment services in the nature of airplane

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

racing and exhibitions utilizes this trade dress. Additionally, through over two decades of use and promotion, the Strega Trade Dress has acquired distinctiveness and secondary meaning among the relevant consuming public with respect to entertainment services in the nature of airplane racing and exhibitions.

39.    The Strega Trade Dress is famous among the relevant consuming public with respect to entertainment services in the nature of airplane racing and exhibitions.

40.    The Strega Trade Dress is not essential to the use or purpose of an airplane; indeed, many different types of paint jobs are possible, and on information and belief, no other airplane that performs entertainment services in the nature of airplane racing and exhibitions uses any paint job like that of the Strega Trade Dress. The use of the Strega Trade Dress does not affect the cost or quality of the airplane or the services performed by the airplane, other than the reputational effects of being associated with Strega and Destefani.

41.    Protection of the Strega Trade Dress as a trademark does not impose a non-reputation-related competitive disadvantage on others. Numerous alternative non-confusing visual designs and paint jobs are possible.

42.    The Strega Trade Dress is nonfunctional, and serves a source-identifying role both because it is inherently distinctive and because it has acquired distinctiveness and secondary meaning.

**Defendants' "The Crew 2" Video Game and Infringement of Destefani's Rights**

43.    On information and belief, Defendants are well-known developers, producers, and/or distributors of video games.

44.    On information and belief, Defendants previously released the video game "The Crew." Defendants have described The Crew as "a revolutionary action-driving game developed exclusively for next-gen consoles. It takes you and your friends on a reckless ride inside a massive, open-world recreation of the United States." The Crew is or has been available for the Xbox One, PlayStation 4, PC, and Xbox 360 platforms.

45.    On information and belief, The Crew has only ever allowed users to control

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

automobiles, as opposed to other types of vehicles.

46.     On information and belief, Defendants subsequently released a video game sequel to The Crew entitled "The Crew 2." Defendants have described The Crew 2 as a game that allows users to "[e]xperience the thrill of intense motorsports action in a car, truck, motorcycle, boat, off-road buggy, or even a stunt plane!" Defendants have implored users to "[c]heck out some of the most iconic vehicles you will be able to ride." On information and belief, The Crew 2 was originally and still is available for the Xbox One (from Microsoft), PlayStation 4 (from Sony Interactive Entertainment), and PC platforms; was released on Google's Stadia platform in 2020 and is still available on that platform; and will be available for the Nintendo Switch platform in 2021.

47.     Destefani is 75 years old and resides in a rural area of California. He does not play video games and does not follow the video game industry.  He discovered the Crew 2 in or around June 2020.

48.     On information and belief, consumers can purchase a physical copy of The Crew 2 game or purchase and download it via the internet.

49.     Players of The Crew 2 can "fly" Strega within the game. The video game version of Strega within The Crew 2 is virtually identical to the real-life Strega. It includes, for example, 1) Strega's unique paint job, 2) a stylized number "7" on the tail, 3) the image of the Italian flag behind the cockpit, 4) Destefani's name in script font underneath the cockpit, and 5) the Strega Mark on the front of the airplane near the nose.

50.     The virtual replica of Strega within The Crew 2 also utilizes the Strega Trade Dress, such as by including 1) a fuselage that, viewed from the side, is primarily a field of red over a field of white; 2) a blue trim stripe from the rear of the fuselage moving forward along the top of the field of white; 3) two white wave features on the field of red on the rear of the side of the fuselage, tapering as they roll upward and forward; and 4) a stylized number "7" on the tail.

51.     While the sponsorships on Strega change from time to time, the video game replica in The Crew 2 includes the same sponsorships that were included on Strega in or

9

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

around 2008, such as "PALAZZO ESTATES" along the side of the fuselage, and the secondary AeroShell and Roush Aviation sponsors on the front of the fuselage near the nose. The "PALAZZO ESTATES" sponsorship was on Strega from approximately 2006-2010, while the AeroShell and Roush Aviation sponsorships were on Strega in 2008.

52.     An example screenshot of the video game replica of Strega next to the real-life version of Strega is shown below in FIG. 3.



| **Strega** | **Defendants' Strega** |

*FIG. 3: Comparison of Strega and Defendants' Strega*

53.     During gameplay, a pilot is shown as flying the video game replica of Strega.

54.     On information and belief, Ubisoft has released several updates and/or patches providing players with new content and substantive additions and improvements to the Crew 2 game since it first became available to the public.  On information and belief, the latest update of The Crew 2 was released in 2020.

55.     Defendants have used the video game replica of Strega, including the Strega Mark, Destefani's name, and the Strega Trade Dress in the advertising and promotion of The Crew 2.

56.     Defendants' website advertising and promotion of The Crew 2 includes and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

features Strega, and explicitly misleads consumers into believing Strega's owner, Destefani, is a source of, sponsored, approved of, or endorsed The Crew 2 and Defendants.

57.    For example, one of Defendants' websites advertising and promoting The Crew 2 includes the image shown below in FIG. 4 (https://thecrew-game.ubisoft.com/the-crew-2/en-us/game-info/vehicles/index.aspx, last visited November 4, 2020). Specifically, the website advertises "NORTH AMERICAN – P51 Mustang™ STREGA™ (1945)."



*FIG. 4: Image from Defendants' Website*

58.    The only trademark notice on this website states, "The Crew 2, Ubisoft and the Ubisoft logo are trademarks of Ubisoft Entertainment in the U.S. and/or other countries." There is no notice regarding ownership of other trademarks used on the website, such as STREGA. This is explicitly misleading, and on information and belief, the relevant consumers would believe based on this website that Strega's owner, Destefani, was a source of, sponsored, approved of, or endorsed The Crew 2 and Defendants.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

59.    Strega is featured in various other advertisements, promotions, and cover art for The Crew 2.

60.    On information and belief, Defendants used the inclusion of the video game replica of Strega as a main selling point of The Crew 2.

61.    On information and belief, Defendants were aware of Destefani when they released The Crew 2.

62.    On information and belief, Defendants were aware of Strega when they released The Crew 2.

63.    On information and belief, Defendants were aware of Destefani's rights in the Strega Mark when they released The Crew 2.

64.    On information and belief, Defendants were aware of the '724 Registration when they released The Crew 2.

65.    On information and belief, Defendants were aware of Destefani's rights in the Destefani Marks and the Strega Trade Dress when they released The Crew 2.

66.    On information and belief, Defendants intentionally copied Strega to produce the video game replica of the airplane.

67.    On information and belief, Defendants intentionally copied the Strega Trade Dress to produce the video game replica of the airplane.

68.    On information and belief, Defendants conducted trademark clearance for The Crew 2 before its release.

///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

1
2
3
4
5

69.     Within the virtual world of The Crew 2, Defendants have replaced numerous trademarks with other words or phrases. For example, when a player flies over the video game version of the Las Vegas Strip, the name "Wynn" on the video game version of the Wynn Las Vegas Casino & Resort on the Strip is replaced with the phrase "Win Palace," as shown below in FIG. 5.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21



*FIG. 5: Screenshot of Strega by the "Win Palace"*

22
23
24
25
26
27
28

70.     On information and belief, Defendants sought and obtained trademark licenses from one or more third parties.

71.     For instance, the website https://store.ubi.com/us/the-crew--2--motor-edition/598d7de688a7e3b7368b457c.html?lang=en_US (last visited November 4, 2020) states the following:

© *2018 Ubisoft Entertainment. All Rights Reserved. The Crew logo,*

13

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

*Ubisoft, and the Ubisoft logo are registered or unregistered trademarks of Ubisoft Entertainment in the US and/or other countries. H-D, HARLEY-DAVIDSON, and the Bar & Shield Design are among the trademarks of H-D U.S.A., LLC and licensed to Ubisoft by Harley-Davidson Motor Company.*

72.   This same website shows the video game replica of Strega numerous times.

73.   Defendants have never contacted Destefani.

74.   On information and belief, Defendants have never attempted to contact Destefani.

75.   On information and belief, Defendants made an affirmative decision to use Bill Destefani's identity, persona, name, and likeness, the Destefani Marks, and the Strega Trade Dress to advertise and promote The Crew 2 and within the game itself, despite the fact that they were aware such acts would constitute false endorsement and infringement of Destefani's rights of publicity and trademark rights.

76.   On information and belief, Defendants included the video game replica of Strega in The Crew 2 in an effort to cause consumers to believe Strega's owner, Destefani, was a source of, sponsored, approved of, or endorsed The Crew 2 and Defendants.

77.   Defendants' use of the Destefani Marks, the Strega Trade Dress, and Destefani's identity, persona, name, and likeness is explicitly misleading.

78.   The relevant consumers would ordinarily identify the source of a product bearing one or more of the Destefani Marks, the Strega Trade Dress, and Destefani's identity, persona, name, and likeness as Destefani, based on the inclusion of one or more of the Destefani Marks, the Strega Trade Dress, and Destefani's identity, persona, name, and likeness.

79.   Defendants have used the Destefani Marks, the Strega Trade Dress, and Destefani's identity, persona, name, and likeness in the same way that Destefani himself uses them—on Strega, a flying airplane.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

80.     Defendants have used the video game replica of Strega as a centerpiece of The Crew 2. Defendants' use of the Destefani Marks, the Strega Trade Dress, and Destefani's identity, persona, name, and likeness is unadorned with any additional artistic contribution from Defendants, and reflects an effort by Defendants to induce the sale of The Crew 2 by consumer confusion. Defendants' use of the Destefani Marks, the Strega Trade Dress, and Destefani's identity, persona, name, and likeness reflects an effort by Defendants to misappropriate Destefani's goodwill in these rights.

81.     On information and belief, the video game replica of Strega is unique within The Crew 2. For instance, on information and belief, no other airplane within The Crew 2 is famous for its exploits at the Reno Air Races, and no other airplane within The Crew 2 is so inexorably linked to an individual as Strega is linked to Destefani.

## FIRST CAUSE OF ACTION

### (Violation of Cal. Civ. Code § 3344 – Against All Defendants)

82.     Destefani realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs and figures as though each such paragraph and figure has been fully set forth herein.

83.     Destefani is the owner of the rights of publicity in his identity, persona, name, signature, image, and likeness.

84.     Defendants have willfully and without authorization used Destefani's identity, persona, name, and likeness for commercial purposes, to advertise The Crew 2, to promote sales of The Crew 2, and within The Crew 2 video game itself, and have continuously republished The Crew 2 since its release.

85.     Defendants' unauthorized use of Destefani's identity, persona, name, and likeness constitute a commercial misappropriation in violation of Section 3344 of the California Civil Code.

86.     As a direct and proximate result of Defendants' wrongful conduct, Destefani has suffered, and will continue to suffer, damages in an amount to be proven at trial.

87.     Defendants have further been unjustly enriched by their misappropriation of

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

Destefani's statutory right of publicity. Accordingly, Destefani is entitled to restitution of all income, profits, and other benefits resulting from Defendants' conduct, in an amount to be determined according to proof at trial.

88.    Defendants' actions as alleged above were malicious, oppressive, and done with the intent to injure Destefani and with a willful and conscious disregard for Destefani's rights. As a result, Destefani is entitled to recover from Defendants punitive and exemplary damages in an amount sufficient to punish and deter them and others from engaging in such acts in the future.

## SECOND CAUSE OF ACTION

### (Violation of Common Law Right of Publicity – Against All Defendants)

89.    Destefani realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs and figures as though each such paragraph and figure has been fully set forth herein.

90.    Destefani is the owner of the common law rights of publicity in his identity, persona, name, signature, image, and likeness.

91.    Defendants have willfully and without authorization used Destefani's identity, persona, name, and likeness for commercial purposes, to advertise The Crew 2, to promote sales of The Crew 2, and within The Crew 2 video game itself, and have continuously republished The Crew 2 since its release.

92.    Defendants' unauthorized use of Destefani's identity, persona, name, and likeness constitutes a violation of California's common law right of publicity.

93.    As a direct and proximate result of Defendants' wrongful conduct, Destefani has suffered, and will continue to suffer, damages in an amount to be proven at trial.

94.    Defendants have further been unjustly enriched by their infringement of Destefani's common law right of publicity. Accordingly, Destefani is entitled to restitution of all income, profits, and other benefits resulting from Defendants' conduct, in an amount to be determined according to proof at trial.

95.    Defendants' actions as alleged above were malicious, oppressive, and done

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

with the intent to injure Destefani and with a willful and conscious disregard for Destefani's rights. As a result, Destefani is entitled to recover from Defendants punitive and exemplary damages in an amount sufficient to punish and deter Defendants and others from engaging in such acts in the future.

## THIRD CAUSE OF ACTION

### (False Endorsement (15 U.S.C. § 1125(a)) – Against All Defendants)

96.     Destefani realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs and figures as though each such paragraph and figure has been fully set forth herein.

97.     Destefani is the owner of the statutory and common law rights associated with his identify, persona, name, signature, image, and likeness, necessary to decide whether to allow a third party to use his identify, persona, name, signature, image, and/or likeness in a manner that conveys sponsorship, approval, and/or endorsement by Destefani.

98.     Defendants used distinctive personally identifying attributes of Destefani's identity, persona, name, and likeness without permission by using Strega, including the Strega Trade Dress and the Destefani Marks (including Destefani's own name), to advertise The Crew 2, to promote sales of The Crew 2, and within The Crew 2 video game itself.

99.     Defendants were not, are not, and have never been authorized to use Destefani's identify, persona, name, signature, image, or likeness, or to use any of the Destefani Marks, or to use the Strega Trade Dress.

100.     Defendants' unauthorized uses constitute false and misleading representations of fact to falsely imply the sponsorship, approval, and/or endorsement of The Crew 2 by Destefani.

101.     Defendants' unauthorized uses are likely to confuse and deceive consumers as to Destefani's sponsorship, approval, and/or endorsement of The Crew 2. Specifically, Defendants' use of Destefani's identity, such as his name and the Strega Trade Dress, is

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

likely to cause consumers to mistakenly believe that Destefani is associated with The Crew 2 and Defendants, or that he sponsors, approves of, or endorses The Crew 2 and Defendants.

102.   Defendants' use of the Destefani Marks (including but not limited to "Bill 'Tiger' Destefani") and the Strega Trade Dress constitutes false endorsement under 15 U.S.C. § 1125(a).

103.   As a direct and proximate result of the acts of false endorsement set forth above, Destefani has suffered actual damages in an amount to be proven at trial. Destefani is entitled to the full range of relief available under the Lanham Act, 15 U.S.C. § 1117, including, without limitation, an award of actual damages and the disgorgement of Defendants' profits arising from their false or misleading acts. Defendants' conduct further renders this an "exceptional" case within the meaning of the Lanham Act, thus entitling Destefani to an award of attorneys' fees and costs.

104.   Destefani is informed and believes, and based thereon alleges, that Defendants committed the unauthorized acts described above knowing that it was likely to cause consumers to falsely believe that Destefani sponsored, approved of, or endorsed The Crew 2 and Defendants. Defendants have thus willfully, knowingly, and maliciously deceived and confused the relevant consuming public, such that Destefani is entitled to an award of treble damages.

105.   Under 15 U.S.C. § 1118, Destefani is also entitled to an order requiring destruction of all infringing goods and promotional materials in Defendants' possession or control.

106.   On information and belief, Defendants' conduct, unless preliminarily and then permanently enjoined, will cause irreparable harm to Destefani and to his goodwill and reputation, and to the goodwill and reputation of the Destefani Marks and the Strega Trade Dress.

107.   On information and belief, unless restrained and enjoined by this Court, Defendants will continue to engage in their infringing conduct, customers are likely to

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

continue to be deceived and/or mistaken as to the true source, quality, sponsorship, and affiliation of Defendants' goods and services, Destefani's reputation and goodwill will be harmed in ways difficult to monetarily quantify, adequately repair, and compensate, and a multiplicity of suits will be required to vindicate Destefani's rights.

## FOURTH CAUSE OF ACTION

### (Trademark Infringement (15 U.S.C. § 1114) – Against All Defendants)

108. Destefani realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs and figures as though each such paragraph, photograph, figure, and table has been fully set forth herein.

109. Defendants have extensively used the Strega Mark in conjunction with a variety of products and services.

110. The Strega Mark in conjunction with "entertainment services in the nature of airplane racing" is a trademark registered under Section 1(a) of the trademark laws of the United States, 15 U.S.C. § 1051(a), as U.S. Trademark Registration No. 1,731,724 (the "'724 Registration").

111. The '724 Registration was issued on November 10, 1992.

112. Destefani is the owner of the '724 Registration.

113. The '724 Registration is valid and enforceable.

114. The '724 Registration is incontestable, as incontestable is defined in 15 U.S.C. § 1065.

115. Destefani's right to use the Strega Mark is incontestable, as incontestable is defined in 15 U.S.C. § 1065.

116. By virtue of Destefani's longstanding, continuous, and exclusive use of the Strega Mark, the public has come to recognize the Strega Mark in conjunction with goods and services as exclusively identifying Destefani as the source of those goods and services.

117. Defendants have infringed and continue to infringe Destefani's registered trademark by using the Strega Mark to advertise The Crew 2, to promote sales of The

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

Crew 2, and within The Crew 2 video game itself.

118.   Destefani has not authorized Defendants to make any use of the Strega Mark.

119.   Defendants' unauthorized use of the Strega Mark is likely to cause confusion and mistake among consumers, and to deceive consumers as to the origin, sponsorship, and/or endorsement of The Crew 2. Defendants' use of the Strega Mark is likely to cause consumers to mistakenly believe that Destefani is associated with Defendants and The Crew 2.

120.   Defendants' use of the Strega Mark constitutes federal trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

121.   As a direct and proximate result of the acts of trademark infringement set forth above, Destefani has suffered actual damages in an amount to be proven at trial. Destefani is entitled to the full range of relief available under the Lanham Act, 15 U.S.C. § 1117, including, without limitation, an award of actual damages and the disgorgement of Defendants' profits arising from the acts of trademark infringement. Defendants' conduct further renders this an "exceptional" case within the meaning of the Lanham Act, thus entitling Plaintiffs to an award of attorneys' fees and costs.

122.   Destefani is informed and believes, and based thereon alleges, that Defendants committed the infringement described above knowing that its unauthorized use of the Strega Mark was and is likely to cause consumer confusion. Defendants have thus willfully, knowingly, and maliciously deceived and confused the relevant consuming public, such that Destefani is entitled to an award of treble damages.

123.   Under 15 U.S.C. § 1118, Destefani is also entitled to an order requiring destruction of all infringing goods and promotional materials in Defendants' possession or control.

124.   On information and belief, Defendants' conduct, unless preliminarily and then permanently enjoined, will cause irreparable harm to Destefani and to his goodwill and reputation, and to the goodwill and reputation of the Strega Mark.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

125.   On information and belief, unless restrained and enjoined by this Court, Defendants will continue to engage in their infringing conduct, customers are likely to continue to be deceived and/or mistaken as to the true source, quality, sponsorship, and affiliation of Defendants' goods and services, Destefani's reputation and goodwill will be harmed in ways difficult to monetarily quantify, adequately repair, and compensate, and a multiplicity of suits will be required to vindicate Destefani's rights.

### FIFTH CAUSE OF ACTION

**(Federal Unfair Competition (15 U.S.C. § 1125(a)) – Against All Defendants)**

126.   Destefani realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs and figures as though each such paragraph, photograph, figure, and table has been fully set forth herein.

127.   At least by virtue of longstanding, continuous, and exclusive use in interstate commerce in entertainment services in the nature if airplane racing and exhibitions, Destefani has acquired valid common law trademarks in the Strega Mark, the standard character mark STREGA, the name "Bill Destefani," and the name "Bill 'Tiger' Destefani" (collectively, the "Destefani Marks"), as well as the Strega Trade Dress. Each of the Destefani Marks and the Strega Trade Dress is inherently distinctive, has acquired distinctiveness and secondary meaning with the relevant consuming public, and is nonfunctional in nature.

128.   By virtue of Destefani's longstanding, continuous, and exclusive use of the Destefani Marks and the Strega Trade Dress, the public has come to recognize the Destefani Marks and the Strega Trade Dress in conjunction with entertainment services in the nature of airplane racing and exhibitions as exclusively identifying Destefani as the source of those goods and services.

129.   The Destefani Marks and the Strega Trade Dress, in conjunction with entertainment services in the nature of airplane racing and exhibitions, are inherently distinctive, strong marks. Additionally, in addition to being inherently distinctive, Destefani's use of the Destefani Marks and the Strega Trade Dress has caused them, prior

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

to Defendants' infringing acts, to acquire secondary meaning that has served to distinguish the marks in the minds of relevant consumers, as an indicator of the origin or source of products and services bearing or associated with them.

130.   Defendants have infringed and continue to infringe the Destefani Marks and the Strega Trade Dress by using the Destefani Marks and the Strega Trade Dress to advertise The Crew 2, to promote sales of The Crew 2, and within The Crew 2 video game itself.

131.   Destefani has not authorized Defendants to make any use of the Destefani Marks or the Strega Trade Dress.

132.   On information and belief, members of the relevant public are likely to believe or be confused as to whether Destefani has some connection with Defendants' goods and services, specifically, with The Crew 2.

133.   Defendants' unauthorized use of the Destefani Marks and the Strega Trade Dress is likely to cause confusion and mistake among consumers, and to deceive consumers as to the origin, sponsorship, and/or endorsement of The Crew 2. Defendants' use of the Destefani Marks and the Strega Trade Dress is likely to cause consumers to mistakenly believe that Destefani is associated with Defendants and The Crew 2.

134.   Defendants' use of the Destefani Marks and the Strega Trade Dress constitutes federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

135.   As a direct and proximate result of the acts of trademark infringement set forth above, Destefani has suffered actual damages in an amount to be proven at trial. Destefani is entitled to the full range of relief available under the Lanham Act, 15 U.S.C. § 1117, including, without limitation, an award of actual damages and the disgorgement of Defendants' profits arising from the acts of trademark infringement. Defendants' conduct further renders this an "exceptional" case within the meaning of the Lanham Act, thus entitling Plaintiffs to an award of attorneys' fees and costs.

136.   Destefani is informed and believes, and based thereon alleges, that

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

Defendants committed the infringement described above knowing that its unauthorized use of the Destefani Marks was and is likely to cause consumer confusion. Defendants have thus willfully, knowingly, and maliciously deceived and confused the relevant consuming public, such that Destefani is entitled to an award of treble damages.

137.   Under 15 U.S.C. § 1118, Destefani is also entitled to an order requiring destruction of all infringing goods and promotional materials in Defendants' possession or control.

138.   On information and belief, Defendants' conduct, unless enjoined, will cause irreparable harm to Destefani and to his goodwill and reputation, and to the goodwill and reputation of the Destefani Marks and the Strega Trade Dress.

139.   On information and belief, unless restrained and enjoined by this Court, Defendants will continue to engage in their infringing conduct, customers are likely to continue to be deceived and/or mistaken as to the true source, quality, sponsorship, and affiliation of Defendants' goods, Destefani's reputation and goodwill will be harmed in ways difficult to monetarily quantify, adequately repair, and compensate, and a multiplicity of suits will be required to vindicate Destefani's rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bill G. Destefani prays for relief as follows:

1.   That the Court enter judgment that Defendants have infringed Destefani's rights under California Civil Code § 3344; infringed Destefani's California common law rights of publicity; infringed Destefani's Strega Mark in violation of 15 U.S.C. § 1114; used false designations of origin, false descriptions, and false representations in violation of 15 U.S.C. § 1125(a); and committed acts constituting trademark infringement and unfair competition, in violation of federal and California law;

2.   That the Court enjoin Defendants, and all of their officers, directors, agents, servants, employees and attorneys, and all other persons acting directly or indirectly in concert with Defendants, from misappropriating Destefani's identify, persona, name, signature, image, or likeness;

3.      That the Court enjoin Defendants, and all of their officers, directors, agents, servants, employees and attorneys, and all other persons acting directly or indirectly in concert with Defendants, from using in commerce, in connection with the advertising, promotion, marketing, distribution, sale or offering for sale of THE CREW 2, or related goods and services, any of the Destefani Marks or the Strega Trade Dress, or any other confusingly similar mark and/or designation, or from otherwise infringing upon and/or diluting Destefani's trademarks; from using in commerce a domain name, web site or metatags incorporating any of these marks; from unfairly competing with Plaintiff; from engaging in acts of misappropriation and unfair competition; and from engaging in any other acts that tend to damage the value of any of Plaintiff's marks, trade names, business reputation, and goodwill;

4.      That the Court order Defendants to surrender for destruction all products, containers, labels, advertisements, promotional materials, and other materials constituting an infringement of Destefani's right of publicity, the Destefani Marks, or the Strega Trade Dress, or the means by which such infringement is facilitated;

5.      That the Court award Destefani damages according to proof;

6.      That the Court disgorge Defendants' profits attributable to the infringement of Destefani's intellectual property rights and rights of publicity;

7.      That the Court increase and enhance by three times any award of damages and/or profits based on Defendants' willfulness;

8.      That the Court award punitive or exemplary damages for Defendants' infringement of Destefani's rights of publicity;

9.      That the Court award Destefani its costs, including attorneys' fees, under California Code Civil Procedure § 1021.5;

10.     That the Court deem this to be an exceptional case as defined by 15 U.S.C. § 1117(a);

11.     That the Court award Destefani its reasonable attorneys' fees and costs of suit;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

12.     That the Court award pre-judgment and post-judgment interest on all amounts claimed as permitted by law; and

13.     That the Court award Destefani such further relief as the Court deems just and proper.


DATED: November 4, 2020                Respectfully submitted,
                                        FERGUSON CASE ORR PATERSON LLP


                          By:    /s/ Corey A. Donaldson
                                 JAMES Q. MCDERMOTT
                                 BRIAN J. PHILPOTT
                                 COREY A. DONALDSON
                                 JESSICA M. WAN

                                 Attorneys for Plaintiff Bill G. Destefani

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff Bill G. Destefani hereby demands a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.

DATED: November 4, 2020          Respectfully submitted,

FERGUSON CASE ORR PATERSON LLP

By:    /s/ Corey A. Donaldson
JAMES Q. MCDERMOTT
BRIAN J. PHILPOTT
COREY A. DONALDSON
JESSICA M. WAN

Attorneys for Plaintiff Bill G. Destefani

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL